## WELSH v. BARROW.

An overseer entitled to a privilege on the product of the last crop, under art. 3184 of the Civil Code, may enforce his privilege against a purchaser of the plantation and crop, after the crop has been sold and the proceeds received by the purchaser. The privilege is not extinguished by the sale of the crop.

| 3 | 133 |
| 47 | 758 |
| 3 | 133 |
| 52 | 2147 |
| 3 | 133 |
| 107 | 322 |

APPEAL from the District court of Terrebonne, *Randall*, J. *Beatty*, for the appellant. *C. A. Johnson*, for the defendant. The judgment of the court was pronouced by

EUSTIS, C. J. This suit is for the recovery of wages as an overseer, for which the plaintiff claims a privilege on the proceeds of a crop of sugar received by the defendant, the owner of the plantation from which the crop was sold. There was judgment for the defendant, and the plaintiff has appealed. This is the fourth time that the subject of the compensation of the plaintiff as overseer on this plantation, has been before the Supreme Court. *Welch* v. *Shields and another*, 6 Robinson, 484. *Welch* v. *Barrow et al*, 9 Robinson, 535; and 12 Robinson, 530.

The plantation originally belonged to the defendant, who sold it to *Shields* in 1836, and on the 9th of November, 1842, *Shields*, being unable to pay for it, retroceded it, with the standing crop, to the defendant; *Shields* and his endorsers paying in addition the sum of $32,000, and binding themselves to pay the expenses of the plantation for the current year up to the date of the transfer. The amount claimed is for the plaintiff's wages for 1842. That the services were rendered, that they bore a privilege on the crop, that the crop was sold and the proceeds were received by the defendant, is conceded.

It is urged for the defendant that, by the sale of the crop by *Barrow*, the privilege was extinguished, under article 3244 of the Code. By article 3184, the salary of the overseer for the year last past is privileged *on the product of the last crop*—thus presupposing that the planter would not keep his crop, but sell it; and the privilege is affixed specifically on the procceeds. Such is the construction given to this article by the Supreme Court in the cases cited; and in the *Succession of Johnson, Kennedy, appellant*, 3 Robinson, 216, the court held that this privilege on the last year's crop may be exercised upon the proceeds after the crop has been sent to market and sold. If the proceeds were in a court of justice, or in the hands of the defendant's factor, the plaintiff would have his privilege over other creditors; and we do not understand on what principle he can be deprived of it when the proceeds are in the defendant's pocket. The law is so clearly, as we think, in favor of the plaintiff, that it is not necessary to examine the strong equitable grounds on which the plaintiff's claim rests.

The judgment appealed from is therefore reversed, and judgment is rendered in favor of the plaintiff against the defendant, for the sum of seven hundred and seventy-two dollars and fifty cents, with interest from judicial demand; the defendant and appellee paying the costs in both courts.